**Northern Marianas Housing Corporation,**
Plaintiff/Appellant,

v.

**Marianas Public Land Trust**
and its Trustees Juan S. Torres,
Vicente M. Calvo, Maria H. Aguon,
Joaquin I. Pangelinan, and Herman R.
Guerrero, Defendants/Appellees.
Appeal No. 97-040 & 97-041 (Consolidated)
Civil Action No. 97-0499
January 5, 1998

Argued and Submitted on December 19, 1997

Counsel for Appellant:  R. Darrin Class and David Wiseman, Saipan.

Counsel for Appellees:  Michael W. Dotts, Saipan.

BEFORE: TAYLOR, Chief Justice, VILLAGOMEZ and ATALIG, Justices Pro Tem.

ATALIG, Justice Pro Tem:

¶1  ▆ Plaintiff appeals the September 17, 1997, Superior Court Decision and Order dismissing its complaint for declaratory judgment and holding that sections of Public Law 10-29 as amended by Public Law 10-49 ("Home Financing Act" codified as 2 CMC § 4481 et seq.) are void because they violate Article XI of the Commonwealth Constitution.  We have jurisdiction pursuant to title 1, § 3102(a) of the Commonwealth Code. We affirm in part and reverse in part.

**ISSUES PRESENTED AND
STANDARD OF REVIEW**

¶2  ▆ The dispositive issue before this Court is whether the Superior Court erred in construing that the provisions of the Home Financing Act require the Marianas Public Land Trust ("MPLT") to make a ten million dollar loan to the Northern Marianas Housing Corporation ("NMHC").[1]

---

[1]  Appellants and appellees also raised additional issues for our review:  (1) Whether the Superior Court erred in failing to classify MPLT as a charitable trust; (2) Whether the Superior ▆▆▆▆▆

We review the interpretation of a statute de novo. *Commonwealth v. Cabrera*, 4 N.M.I. 240, 250 (1995).

**FACTS AND PROCEDURAL BACKGROUND**

¶3 NMHC filed a complaint seeking a permanent injunction requiring MPLT to enter into a loan program with NMHC on May 8, 1997. On May 23, 1997, MPLT moved to dismiss the complaint under Commonwealth Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On July 30, 1997, there was a hearing on the motion to dismiss. At the hearing, both parties stipulated that the matter was subject to resolution through declaratory judgment, that NMHC would file an amended complaint seeking such a judgment, and that the Superior Court would render a decision based on those pleadings without additional motions or argument. On September 17, 1997, the Superior Court issued its decision holding that sections 4(a), 5(a), and 5(b) of the Home Financing Act are void because they violate Article XI of the Commonwealth Constitution. NMHC timely appealed. On October 23, 1997, MPLT filed a notice of cross appeal.

**ANALYSIS**

¶4 The relevant portions of the Home Financing Act are as follows:

Section 4(a) states:

(a) MPLT is authorized, consistent with its constitutional obligations, to loan up to Ten Million Dollars ($10,000,000) to NMHC at an interest rate of six percent (6%) per annum for NMHC's use in the establishment of a program to provide for home loans to qualified Commonwealth residents as provided by this Act
. . . .

Public Law 10-29, § 4(a) (October 4, 1996). Section 4(a) was later amended to state:

(a) MPLT is authorized, consistent with its constitutional obligations, to loan up to Five Million Dollars ($5,000,000) to NMHC at an interest rate of six percent (6%) per annum, and another Five Million Dollars ($5,000,000) to NMHC at an interest rate of four percent (4%) per annum, both for NMHC's use in the establishment of programs to provide for home loans to qualified Commonwealth residents as provided by this Act .

Public Law 10-49, § 3(a) (March 19, 1997).

¶5 The Home Financing Act does have three mandates but none of them require MPLT to make a loan to NMHC. The first places restrictions on how NMHC is to use its loan proceeds.

(b) The Funds may not be used by NMHC or by any other government agency for any purpose other than the provision or securing of new home loans. In no event shall The Funds be used, directly or indirectly, to pay off or retire any current or existing indebtedness of NMHC, the Commonwealth Development Authority, or any other government subdivision or agency . . . . Any misuse or misallocation of The Funds shall, in addition to any other penalty or remedy provided by law, subject the person or persons responsibility for the misuse or misallocation to personal liability therefor.

Public Law 10-29, § 4(b).

¶6 Second, the Home Financing Act requires a comprehensive written loan agreement.

MPLT and NMHC shall execute a comprehensive loan agreement setting forth the terms and conditions of the loan of the funds to NMHC.

Public Law 10-29, § 4(a).

¶7 Last, the Home Financing Act provides MPLT with a guarantee of repayment.

The Loan Agreement shall be fully, absolutely, and unconditionally backed each year by the interest earnings accruing to the general fund pursuant to article XI, § 6(d) of the Commonwealth Constitution and by the moneys received from public lands subject to Article XI, § 5(g) of the Commonwealth Constitution. The provisions of this section shall constitute a contractual obligation of the Commonwealth

Court erred in failing to analyze and apply the constitutional powers of the Legislature; (3) Whether the Superior Court erred in failing to properly apply the common law of trusts to resolve the case without resorting to the Constitution; (4) Whether MPLT's trustees may consider factors other than maximum return in their investment decisions while exercising their duty of fiduciary care; and (5) Whether the Commonwealth may guarantee a loan made by MPLT to NMHC backed by the full faith and credit of the Commonwealth. We need not address these issues since they are unnecessary to the resolution of this case and are not ripe. A ripe dispute is one which has matured sufficiently for judicial resolution. *In re Estate of Tudela*, 4 N.M.I. 1, 5 (1993), appeal dismissed, 48 F.2d 1479 (9th Cir. 1994).

151

government. The Attorney General is authorized to execute this guarantee on behalf of the Commonwealth as part of the Loan Agreement.

Public Law 10-29, § 5(a).

¶8　■The basic principle of statutory construction is that language must be given its plain meaning. *Estate of Faisao v. Tenorio*, 4 N.M.I. 260, 265 (1995). One of the stated purposes of the Home Financing Act is to authorize a single-family home loan financing program through NMHC utilizing the financial resources of MPLT.

¶9　■It is clear from the language of the Home Financing Act that MPLT is only authorized, but not required, to make a loan.[2] Therefore, there is no issue as to the constitutionality of the statute. A question of constitutionality arises only if the statute requires MPLT to make the loan. *See Estate of Tudela*, 4 N.M.I. at 5. In addition, there is a rebuttable presumption which favors the validity of a statute unless a clear constitutional violation is shown. *Tenorio v. Superior Court*, 1 N.M.I. 1, 17 (1989). Here, we find none.

¶10　MPLT maintains its discretion in deciding whether or not to go forward with any investments. In this case, after weighing all the factors, the trustees of MPLT denied the loan because they concluded that it would not yield the maximum return on their investment.

## CONCLUSION

¶11　We **AFFIRM** the Dismissal of the Complaint. However, we **REVERSE** the findings of the Superior Court that the Home Financing Act (Public Law 10-29 as amended by P.L. 10-49) was unconstitutional based on our reasoning stated above.

---

[2] During oral arguments, the parties agreed that the Home Financing Act was only an authorization from the Legislature of a loan between MPLT and NMHC and was not a mandate. In addition, counsel for the Legislature, Stephen Woodruff, also stated in his Notice of Interest that P.L. 10-29 "only authorized certain uses of MPLT funds. it did not require MPLT to do anything with any part of its funds."